IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILHEMINA A. KAMARA             :          CIVIL ACTION
                                :
          v.                    :
                                :
ROSEMONT COLLEGE, et al.        :          NO. 14-1176

MEMORANDUM

Bartle, J.                                    March 31, 2014

        Plaintiff Wilhemina A. Kamara has sued her former

employer Rosemont College ("College") where plaintiff maintains

she had been a Resident Coordinator, as well as four current or

former employees of the College.[1]  The complaint contains three

counts:  (1) "wrongful retaliatory termination;" (2) "gender

discrimination;" and (3) "violation of Sixth Amendment right."

        The defendant has moved under Rule 12(b)(6) of the

Federal Rules of Civil Procedure to dismiss the complaint on the

ground that plaintiff has failed to state any claims upon which

relief can be granted.[2]  All the claims revolve around her

_____

1.  The individual defendants are:  Dr. Sharon Hirsh, the
President of Rosemont College; Jane Federowicz, the College's
Assistant Vice-President for Human Resources; Mary Beth Tsikalas,
the College's former Vice-President of Finance and
Administration; and Lee Plenn, the former Director of Residence
Life and Assistant Dean.

2.  Plaintiff originally filed her action in the Superior Court
of New Jersey where defendant removed it to the United States
District Court for the District of New Jersey.  Judge Joel Pisano
thereafter transferred the action to this District on the ground
that all claims and underlying events involved her employment at
                                        (continued...)

employment at Rosemont College in Rosemont, Pennsylvania.
According to the complaint, the events in issue took place in
late 2010 and into the summer of 2011.  Plaintiff was terminated
on July 28, 2011.  The reasons given were "inappropriate and
unwelcomed touching of students," "inappropriate and
unprofessional communication with students" and "pervasive lack
of confidence in staff you supervise."  As far as can be
determined, she was an at-will employee.

The First Count of the complaint is entitled "Wrongful
Retaliatory Termination."  It appears from its wording to be a
common law count for wrongful termination in violation of
Pennsylvania public policy.  With certain narrow exceptions,
Pennsylvania does not recognize such a claim for an at-will
employee such as plaintiff.  Only where the firing violates a
clear public policy "articulated in the constitution, in
legislation, an administrative regulation, or a judicial
decision" will a plaintiff state a claim.  Hunger v. Grand Cent.
Sanitation, 670 A.2d 173, 175 (Pa. Super. Ct. 1996).  All
plaintiff alleges is that she made a complaint to her supervisor
about the Resident Assistant staff and another complaint that a
co-worker's complaint, in her view, was handled unfairly.  Even
assuming that she was fired in retaliation for her actions in

---

2.  (...continued)
Rosemont College and her subsequent termination, all of which
occurred in Pennsylvania.  Kamara v. Rosemont College, et al.,
No. 13-4459 (D. N.J. Feb. 26, 2014) (order granting transfer to
E.D. Pa.).

this regard, no public policy of Pennsylvania is implicated so as to give rise to a common law cause of action.

These allegations are a far cry from claims that have been recognized in Pennsylvania as a violation of public policy. The Pennsylvania Supreme Court, for example, has allowed a claim where an employee was fired for serving on a jury and where an employee was terminated for exercising his right under the Pennsylvania Workers' Compensation Act. Shick v. Shirey, 716 A.2d 1231 (Pa. 1998); Reuther v. Fowler & Williams, Inc., 386 A.2d 119 (Pa. Super. Ct. 1978).

In Kroen v. Bedway Security Agency, Inc., 633 A.2d 628 (Pa. Super. Ct. 1993), the Superior Court of Pennsylvania also upheld a cause of action for discharge of any employee for refusal to take a polygraph test which was prohibited under Pennsylvania law. Likewise, an employee had a valid claim when he was fired for reporting a nuclear safety violation which he was required to do under federal law. Field v. Philadelphia Elec. Co., 565 A.2d 1170 (Pa. Super. Ct. 1989). Plaintiff's complaints to her employer, even if she was fired for making them, do not implicate any "clear mandate of public policy" of the Commonwealth. Kroen, 633 A.2d at 633.

It is also important to note that Pennsylvania will not recognize a common law claim for wrongful discharge where specific statutory remedies are available for claims such as sex discrimination. Weaver v. Harpster, 975 A.2d 555, 567 (Pa.

2009); Jacques v. Akzo Int'l Salt, Inc., 619 A.2d 748, 753 (Pa. Super. Ct. 1993).

Plaintiff titles the Second Count of her complaint as "Gender Discrimination."  She alleges violations of the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. 10:5-12 and "Title VII of Pennsylvania."  We will assume she means to reference both Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. § 951.

First, there is no valid claim under the New Jersey law.  The alleged discrimination and retaliation in issue here all took place at Rosemont College in Pennsylvania.  Plaintiff was not employed by a college in New Jersey.  See Devine v. Apollo Health St., Inc., Civil Action No. 09-3039, 2010 U.S. Dist. LEXIS 41659 *6 (E.D. Pa. Apr. 26, 2010).

Nor does plaintiff have a valid claim under Title VII. Prior to bringing suit, she was required to have filed an administrative charge with the federal Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged discriminatory or retaliatory act if she initially filed a parallel proceeding with the Pennsylvania Human Relations Commission or otherwise within 180 days.  No administrative charge was ever filed with the EEOC, and it is now too late since she was terminated from her job on July 28, 2011.  42 U.S.C. § 2000e-5(e)(1); Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000).  Because she does not allege that she ever filed

-4-

a charge with the EEOC, this court lacks subject matter jurisdiction over her Title VII claims.  Alexander v. Gardner-Denver Co., 415 U.S. 36, 47 (1974); Trevino-Barton v. Pittsburgh Nat'l Bank, 919 F.2d 874, 878 (3d Cir. 1990).  Furthermore, Title VII does not provide a remedy against the four individuals who are current or former employees of Rosemont College.  Dici v. Commw. of Pennsylvania, 91 F.3d 542, 552 (3d Cir. 1996).

In addition, plaintiff has not alleged that she ever filed an administrative discharge claim within 180 days of the wrongful conduct as required under the Pennsylvania Human Relations Act.  Failure to do so precludes any judicial remedies under the Act.  Woodson v. Scott Paper Co., 109 F.3d 913, 925 (3d Cir. 1997).

Finally, plaintiff makes a claim against defendants under the Sixth Amendment to the Constitution in the Third Count of her complaint.  The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by a impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

This provision of the Constitution applies to criminal prosecutions and has no relevance in a civil lawsuit against private entities or persons who are sued here.

-5-

Accordingly, the motion of defendants to dismiss plaintiff's complaint will be granted as to Counts One and Three as well as to the claim under Count Two for violation of the New Jersey Law Against Discrimination pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The claim under Title VII and the Pennsylvania Human Relations Act will be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).